(Superior Court of Cincinnati—Special Term.)

## CITY OF CINCINNATI v. THE CINCINNATI STREET RAILWAY CO.

*Rapid transit a sufficient benefit to the public to render valid a contract which increases street railway fares.*

(Decided June, 1893.)

---

SMITH, J.

The impression I had when the statements in the case were made by counsel has been confirmed by the argument, and it will be unnecessary for me, therefore to give it further consideration.

This is an action to enjoin the defendant company from changing, on Route 18, which runs out Colerain avenue. the fare provided in an ordinance passed by the city of Cincinnati, on October 27, 1886.

It appears from the evidence that this route was established in 1880, and granted to J. L. Keck, in 1881, by whom it was afterwards assigned to the defendant.

By the ordinance of 1886, the route was extended, the motive power changed from animals to electrcity, and the fare, except for children under certain age, changed from four to five cents.

Section 2502 of thet Revised Statutes proivdes that no routes shall be originally constructed except by the lowest competitive bidder, after public adverisement of the fact that the route has been esablished, and will be let to the lowest bidder. And the seciton also provides that:

"After such grant or renewal of a grant is made, whether by special or general ordinance, the municipal corporation shall not during the term of such grant release the grantee from any obligation or liability imposed by the terms of such grant or renewal of a grant."

In the case of Clement v. City of Cincinnati (16 W. L. B.), decided by the general term of this court, and affirmed by the Supreme Court, the word "release," as used in this section, was defined to be a mere letting go or relinquishment by the corporation of some right under the grant without any consideration therefor; and that it did not cover a case where the city and the owner of a street railroad, in good faith, entered into a contract for the better accommodaticn of the public, by which, in consideration of more rapid transportation, through a new motive power, the city extended the term of its grant and increased the rate of fare as provided in the original ordinance.

That case grew out of the ordinance which changed the motive power of the Walnut Hills line from animal to cable, extended its grant and increased its rate of fare.

The authority of this case is not disputed by the city, but its applicability to the present case is denied upon the ground that in this case there was no consideration for the grant, in as much as a change from animal to electric power is a pecuniary benefit and not a loss to a steret railroad. The question is presented by an objection to the reading of the depositions which it is contended by the city, sustain the claim.

The sole question, therefore, is: Is there a consideration for this grant?

It must be borne in mind that this is not a proceeding to set aside the contract on the ground of fraud, and that it is a familiar rule of the law that the mere adequacy of consideration will not be inquired into where a contract is entered into in good faith.

What is a consideration? It is one of the elementary principles of law that in the sense of the law it may consist either in some benefit to the one party or detriment suffered by the other. It is not necessary that both elements should be present. If either is present, it is a consideration.

Now, under the original grant, the grantee could not be compelled to change its motive power to electricity; and even if we should concede that the change was not a detriment, but a benefit to the grantee by dimnishing its running expenses, and increasing its travel, yet it is undeniable that the rapid transit offered by the change was a substantial benefit to the public; and this benefit alone would be sufficient consideration to sustain the contract.

It is contended that because there was a change of fare that this case differs from the Clement case, but that contention can not be sustained, because, in the Clement case, the fare was changed. And, although in that case the fare was increased in one respect, and decreased in another, yet that circumstance does not affect the principle of the case; because, if the fare can be changed in part, it can be changed in whole.

I am unable to see, too, why, if the principle of the Clement case is followed, the provision in the ordinance as to are may not be changed as

well as any other provision.   While it is true that the fare is a controll-
ing element in the awarding of the contract, in as much as it must be
awarded to the lowest bidder, yet the fare, which any bidder will contract
to receive, is determined by a consideration of all the other provisions of
the ordinance.   It depends upon and is the result of the presence of the
other provisions, and if these other provisions may be changed by a sub-
sequent contract, it necessarily follows that the fare may also be changed.

This being my view of the case, it seems to me that it is entirely un-
necessary to hear evidence as to whether, taking into view the expendi-
tures and probable increased receipts of the defendant company, it is a
detriment for a benefit to it to have changed its motive power; because,
whatever conclusion would be reached upon that point, the fact would
still remain that the change of motive power was a benefit to the public,
and this fact is sufficient to furnish a consideration for the contract.

It is not within my province to inquire into the wisdom of this con-
tract, which the city has made.   That question was to be determined by
the city officials to whom has been entrusted the power of determining it,
and they are answerable to their constituents for any misuse or abuse of
that power.

The only duty of this court is to determine whether the contract is
valid; and, as I am of the opinion that it is, the petition will be dis-
missed.

Theodore Horstman and John Galvin, for plaintiff.

E. W. Kittredge and John W. Warrington, for defendant.